OPINION
Defendant-appellant Duane Mingle (hereinafter "father") appeals the January 14, 1998 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating father's parental rights and responsibilities in regard to his three minor children and granting permanent custody of the children to plaintiff-appellee Stark County Department of Human Services (hereinafter "SCDHS").
 STATEMENT OF THE FACTS AND CASE
On June 27, 1994, SCDHS filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging father and his then wife's three minor children were neglected. SCDHS stated the allegations in the complaint were based upon the unsanitary living conditions and the health of the children. The trial court conducted a shelter care hearing on July 28, 1994. Via Shelter Care/Pre-Disposition Judgment Entry filed August 1, 1994, the trial court granted temporary custody of the children to SCDHS. Thereafter, on August 24, 1994, the trial court conducted an adjudicatory hearing. Based upon the evidence presented at the hearing, the trial court found the children to be neglected, and ordered a dispositional hearing scheduled for September 23, 1994. At the dispositional hearing, the trial court determined it was in the best interests of the children to continue temporary custody with SCDHS. On May 14, 1996, SCDHS filed a motion for permanent custody. The trial court scheduled a hearing on the motion on November 14, 1996. Prior to the commencement of the hearing, the trial court found both parents had stipulated to an award of permanent custody of the minor children to SCDHS. Based upon this finding, the trial court did not conduct a hearing on the permanent custody motion. Later the same day, the trial court conducted a best interests hearing. Via Judgment Entry dated November 21, 1996, the trial court terminated father's parental rights and awarded permanent custody to SCDHS. Father filed a timely appeal of the judgment entry. Via Opinion and Judgment Entry dated August 25, 1997, this Court found father did not knowingly, intelligently, and voluntarily stipulate to a termination of his parental rights, and reversed and remanded the matter for further proceedings consistent with our opinion. Upon remand, the trial court conducted a permanent custody hearing on November 13, 1997, and December 23, 1997. Via Judgment Entry dated January 14, 1998, the trial court terminated father's parental rights and responsibilities and granted permanent custody to SCDHS, finding father had failed to complete any of the requirements of his case plan. Regarding the best interests of the children, the trial court found a hearing relative to the best interests had been held on November 14, 1996, and the status of the children had not changed since that date. No other evidence was taken on the issue of the best interests of the children after the November 14, 1996 hearing. It is from the January 14, 1998 Judgment Entry father appeals, raising as his sole assignment of error:
THE TRIAL COURT ERRED BY FAILING TO HOLD A DISPOSITIONAL HEARING ON THE BEST INTERESTS OF THE MINOR CHILDREN OF WHICH THE COURT HAD JURISDICTION.
Herein, father maintains the trial court erred in failing to conduct a dispositional hearing relative to the best interests of the children. SCDHS contends because this Court's Opinion and Judgment Entry dated August 25, 1997, reversed and remanded only on the issue of the relinquishment of father's parental rights, and, subsequently, the trial court heard evidence regarding that issue, the requirements of R.C. 2151.35, Juv. R. 29 and 34 were met. We agree with father. As a general rule, when an appellate court remands a matter to the lower court for further proceedings, the lower court is required to proceed from the point at which the error occurred. In Armstrong v. Marathon Oil Co. (1987), 32 Ohio St.3d 397, the Ohio Supreme Court stated: It is basic law that an "action of the Court of Appeals in reversing the cause and remanding the case to the Court of Common Pleas for further proceedings has the effect of reinstating the cause to the Court of Common Pleas in statu quo ante. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal." (Emphasis added.) * * * Furthermore, this court has specifically held that upon remand from an appellate court the lower court is required to proceed from the point at which the error occurred. (Citation omitted).
Id. at 418.
In our first opinion, we found father did not knowingly, intelligently, and voluntarily stipulate to a relinquishment of his parental rights. Thus, our decision reversed the trial court's adjudication of permanent custody. The effect of this is to dissolve the validity of the adjudicatory decision and any proceedings following the adjudicatory hearing, but leaving undisturbed that which had gone before the adjudication. Upon remand, the trial court should have conducted a second hearing on the issue of the best interests following the hearing on permanent custody. We recognize the trial court reviewed the evidence from the best interests hearing and noted the status of the children had not changed, and we appreciate the trial court's desire to resolve this matter in an expeditious manner due to the length of time it has been pending. Nonetheless we find, in the absence of father's formal waiver of a second best interests hearing, and the passage of over one year between the original best interests hearing in 1996, and the second hearing on permanent custody, a second best interests hearing was warranted. This finding is also supported by the aforementioned case law. We find the trial court erred in failing to conduct such a hearing. Accordingly, we sustain father's sole assignment of error and remand the matter to the trial court to conduct a second best interests hearing in accordance with law and this opinion.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this case is remanded to the trial court for further proceedings in accordance with our opinion and the law.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur